JOHN NEDELA, APPELLEE, V. MARES AUTO COMPANY, APPELLANT.

FILED OCTOBER 14, 1921. No. 21522.

Master and Servant: EMPLOYERS' LIABILITY ACT: "CASUAL EMPLOYMENT." One who is employed to work in an automobile garage without any understanding as to the time of his employment, or the particular character of labor he is to perform, and assembles and sets up automobiles and performs such other labor in and

about the garage as he is directed to do by the foreman or manager, and such work is incident to, and in the usual course of, the business, is *held* not to be casually employed within the meaning of the employers' liability act.

APPEAL from the district court for Saline county: RALPH D. BROWN, JUDGE. *Reversed.*

*Crofoot, Fraser, Connolly & Stryker* and *B. V. Kohout,* for appellant.

*Bartos & Bartos, contra.*

Heard before MORRISSEY, C.J., ROSE and FLANSBURG, JJ., BEGLEY and LESLIE, District Judges.

LESLIE, District Judge.

Action for personal injuries alleged to have been sustained by the appellee, who will be referred to as the plaintiff, while employed by the appellant, who will be referred to as the defendant.

The plaintiff brought this action upon the theory that the accident was caused by negligence on the part of the manager of the garage, but the prayer is that his damages be assessed under the compensation act, should the facts call for an assessment of damages under that act, and, if not, then for judgment for $10,450 and costs.

The defendant by its answer denies that the accident was due to its negligence, and alleges that both parties were subject to the provisions of the employers' liability act; that neither had filed an election or declaration not to be bound thereby.

The jury found for the plaintiff in the sum of $4,500. Motion for a new trial was overruled, and from this the defendant has appealed.

It appears from the evidence that on the 16th day of December, 1918, the manager of the defendant company solicited plaintiff to work for the defendant, and that on the following day he went to work in the defendant's garage. Nothing was said by either party as to what particular work the plaintiff was to do, over what period

of time his employment would extend, nor what his wages would be. The only evidence bearing upon the subject is found in the record of the plaintiff's testimony, and is as follows: "Q. Now, did you have a talk with Charley Mares about going to work for him? Did you have a talk with him? A. Yes. Q. When was that talk? A. Sixteenth of December. Q. What year? A. 1918. * * * Q. Now, what did he say to you, and what did you say to him at that time and place? A. Why, he told me if I couldn't help him work. Q. What did you say? A. And I said yes. Q. At that time did he say what kind of work you was to do? A. No. Q. At that time did he say for how long you was to work for him? A. Nothing was said. Q. At that time was there anything said about what wages you were to get? A. No. Q. Is that all that was said at that time and place? A. Yes."

From the 17th to the 21st of December, five days, the plaintiff was engaged in assembling and putting together new cars, and whatever else he was directed to do in and about the garage. The evening of the 21st, and just before he left the garage, he was requested by the manager to hold a wheel while the manager took a hammer and chisel and attempted to do something to the wheel; just what is not disclosed. It seems, however, that he struck the chisel with the hammer while it was against some part of the wheel, and immediately a chip of steel struck the plaintiff in his right eye. As a result of this the plaintiff lost the sight of his eye, and later had the eye removed.

Two questions are raised by the appeal of the defendant: First, were the parties subject to the provisions of the employers' liability act? Second, does the evidence disclose any actionable negligence on the part of the defendant?

Section 3653, Rev. St. 1913, provides: "In the occupations described in section 97 of this chapter, and all contracts of employment made after the taking effect of this article, shall be presumed to have been made with ref-

erence and subject to the provisions of Part II hereof unless otherwise expressly stated in the contract, or unless written or printed notice has been given by either party to the other, as hereinafter provided, that he does not accept the provisions of Part II. Every such employer and every employee is presumed to accept and come under Part II hereof, unless prior to accident he shall signify his election not to accept or be bound by the provisions of Part II."

Section 3652 provides: "Such agreement or the election hereinafter provided for shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in Part II of this article."

Subdivision 3, sec. 3656, is as follows: "It shall not be construed to include any person whose employment is casual, or not for the purpose of gain or profit by the employer, or which is not in the usual course of the trade, business, profession or occupation of his employer. The term 'casual' shall be construed to mean 'occasional;' coming at certain times without regularity, in distinction from stated or regular."

The plaintiff was not hired for a limited or even definite period of time, nor to do a particular job or specific kind of work. He was asked to go to work for the defendant, agreed so to do, and entered the service of the defendant for an indefinite period of time. During the five days of his employment he assembled and put together new cars and performed whatever other duties he was directed to do by the foreman or manager of the garage. It is apparent from the record that he was expected to do and did do such labor as men employed about a garage would ordinarily do. His employment was in the usual course of the business of the employer, and it is clear that it was in furtherance of the defendant's gain or profit. Neither party had elected or declared that he or it would not accept or be bound by the provisions of Part II of said act.

The plaintiff urges, however, that the defendant rested its case without making an effort to prove that the employment was casual, and also of showing that it had complied with section 3687, Rev. St. 1913, as amended, Laws. 1917, ch. 85, sec. 21, which is as follows:

"Every employer in the occupations described in section 97 of this chapter shall either insure and keep insured his liability under this article in some corporation, association or organization authorized and licensed to transact the business of workmen's compensation insurance in this state, or shall furnish to the compensation commissioner satisfactory proof of his financial ability to pay direct the compensation in the amount and manner and when due as provided for in this act. In the latter case the compensation commissioner may in his discretion require the deposit of an acceptable security, indemnity or bond to secure the payment of compensation liabilities as they are incurred. Every employer who fails, neglects or refuses to comply with the conditions set forth in this section shall be deemed to have elected not to come under Part II hereof, and shall be required to respond in damages to an employee for personal injuries, or where personal injuries result in the death of an employee, then to his dependents, in like manner as if the employer had filed an election with the compensation commissioner rejecting the provisions of Part II of the compensation act."

We cannot agree with plaintiff's contention in this regard. First, it was not necessary for the defendant to offer evidence to show that the plaintiff's employment was not casual if the evidence offered by the plaintiff himself established the elements necessary to bring the parties within the provisions of the employers' liability act. Second, the defendant is presumed to have complied with the law and taken out liability insurance, or furnished the compensation commissioner satisfactory proof of its financial ability to meet claims for compensation made against it. In the absence of evidence re-

butting this presumption, it was not necessary for the defendant to offer evidence that it had complied with the law.

Numerous courts have expressed themselves in various ways under the different employers' liability acts as to what constitutes casual employment, but none of the cases that we have examined throw any light upon the situation developed by the facts in this case. As we view it, the employment of the plaintiff was not casual, but was regular and in the usual course of the business of the employer. This being true, both parties surrendered their rights to any other method of determination of the amount of compensation than that provided for under the employers' liability act. The plaintiff was not entitled to maintain this action, but should have submitted his claim for compensation.

Takng this view of it, we shall not consider whether or not there was actionable negligence on the part of the defendant.

For the reasons herein stated, the judgment of the lower court is reversed and the cause remanded for further proceedings.

REVERSED.