CLAYBURN E. CARRIGAN, RESPONDENT, v. WESTERN RADIO CO., EMPLOYER; ZURICH INSURANCE CO., INSURER, APPELLANT.—44 S. W. (2d) 245.

Kansas City Court of Appeals. Dec. 7, 1931.

*James E. Burke* and *Madden, Freeman & Madden* for respondent.

*Shughart & Johnson* for appellant.

ARNOLD, J.—This is an appeal from a judgment of the circuit court of Jackson county, Missouri, affirming an award of the Workmen's Compensation Commission, in the sum of $124.18.

The facts disclosed by the record are that plaintiff (respondent) was employed on September 29, 1930, by defendant Western Radio Company, to do work around its plant. The contract of employment was oral and no mention was made as to the exact nature of claimant's duties or as to the period of time for which he was employed. He went to work at noon on September 29, 1930, and at first was engaged in unloading a shipment of radios from the cars in which they were received and placing them, by means of trucks, in the various rooms of defendant's warehouse, but he was assigned to other duties. About three o'clock in the afternoon of the day following his employment, plaintiff was injured while attempting to fasten a door in a coal chute in the basement of defendant's warehouse. The injury was sustained when a ladder on which he was standing slipped and fell, throwing him to the floor and causing an injury to his left arm from which he was disabled for a period of several weeks. For the recovery of compensation for such disability this action was brought before the Missouri Workmen's Compensation Commission.

At the time of plaintiff's injury his employer was operating under the Missouri Workmen's Compensation Act and had insured against this liability under said act, through a policy issued by the appellant Zurich Insurance Company. The injury was duly reported to the insurance company and said company made a payment to plaintiff in the sum of $15.24, taking what is known as a common law release. On November 17, 1930, plaintiff filed his claim in due form with the Compensation Commission. The claim was heard before Orin H. Shaw of the commission and an award made for $80, less the credit of $15.24, above mentioned, or $64.76, on December 23, 1930. An application for review by the full commission was filed by said employer on December 29, 1930, and on January 23, 1931, an award was made by that body in the sum of $124.18. Defendants filed due notice of appeal to the circuit court. After reviewing the record that court entered its judgment affirming the award and defendants have appealed.

In their assignments of error defendants charge the trial court erred in the following respects: (1) In affirming the award; (2) in refusing to set same aside; (3) in holding the Compensation Com-

mission had any jurisdiction in the premises; and (4) in holding the findings of the commission were in accordance with the law. These assignments are so closely allied in their nature they may properly be considered together. No point is raised as to the regularity of the procedure herein and there is nothing in connection therewith for our consideration. The only point in issue is the contention of appellants that claimant was a casual employee and therefore not entitled to compensation under the provisions of section 3303, Revised Statutes 1929, as follows:

"Section 3303. Certain sections not applicable to certain employments—may come within law.—Sections 3300, 3301 and 3302 of this chapter shall not apply to any of the following employments:

"Third: Employments which are but casual or not incidental to the operation of the usual business of the employer."

This section of our Compensation Act is to be found in varied forms in practically every compensation act. In some States the wording is as follows:

"Employments which are but casual and not incidental to the usual business of the employer."

Comparing these acts with the Missouri section quoted, it is noted in the former the two exclusions are in the conjunctive using the word "and," while in the Missouri statute they are in the disjunctive, using "or" instead of "and." From this it is argued our legislature saw fit to exclude two classes of employment: First, employments which are but casual and, second, employments which are not incidental to the operation of the usual business of the employer. It is urged that under this section if the employment be casual, the provisions of the Compensation Act do not apply, even though .the employment be incidental to the operation of the usual business of the employer.

Defendants do not contend that plaintiff's injury was not incidental to the operation of the usual business of the employer but that, on the admitted facts, claimant was a casual employee, and the commission had no jurisdiction to grant him compensation. It is conceded by both parties that the only question in the case is as to whether or not plaintiff was a casual employee. The precise question involved has not been determined by any appellate court in this State. We find in reading the able briefs submitted by the parties that the courts of foreign States are apparently not agreed on this question. Numerous cases are cited by defendants defining the word casual, as applied to the various compensation acts. In Holmen Creamery Co. v. Commission, 167 Wis. 470, 167 N. W. 808, it is said:

" . . . an employment that is only occasional, or comes at uncertain times, or at irregular intervals and whose happening cannot

be reasonably anticipated as certain or likely to occur or to become necessary or desirable is but a casual employment within the meaning of the statute.''

And in the case of Western Union T. Co. v. Hickman, 248 Fed. 899, the court said:

''If hiring be incidental or occasional, for a limited and temporary purpose, though within the scope of the master's business the employment is ''casual'' and covered by the exception.''

It is pointed out the compensation statute of Maine is similar to ours and in Pooler's case, 122 Me. 118, Atl. 590, the Supreme Court of that State defines casual employment as ''employment which is irregular, unsystematic, uncertain, periodic.'' It must be held the rulings in the cases cited by defendants do not apply to the facts herein presented. The record evidence shows plaintiff went to work for defendant Radio Company under a contract of employment which was to continue indefinitely. Plaintiff is uncontradicted in his statement that when he went to work for the Radio Company nothing was said about the time over which his employment was to extend; that he understood the extent of his employment depended on how long the work lasted and whether or not his services were satisfactory. We find nothing in the record to the effect that his services were unsatisfactory, nor that his employment was to last only for a brief period of time. Plaintiff testified that during the brief period he was employed he was performing various tasks connected with the operation of the company's business; that he worked alongside other regular employees. From these circumstances and the nature of his various tasks plaintiff could reasonably anticipate that his employment would last as long as the Radio Company's business continued, or for a reasonable time, at least.

Defendants attempt to make some point of the fact that as plaintiff was injured after he had been employed so short a time, such fact should have some bearing on the question of casual employment. We cannot accept this position as sound. The length of his service cannot serve to determine whether or not plaintiff was a casual employee. A similar state of facts was presented in the case of Nedela v. Mares Auto Company, 106 Neb. 883, 184 N. W. 885, where the court said:

''The plaintiff was not hired for a limited or even definite period of time, nor to do a particular job or specific kind of work. He was asked to go to work for the defendant, agreed so to do, and entered the service of the defendant for an indefinite period of time. During the five days of his employment he assembed and put together new cars and performed whatever other duties he was directed to do by the foreman or manager of the garage. It is apparent from

the record that he was expected to do and did do such labor as men employed about a garage would ordinarily do. His employment was in the usual course of the business of the employer, and it is clear that it was in furtherance of the defendant's gain or profit. Neither party had elected or declared that he or it would not accept or be bound by the provisions of part two of said act. . . . As we view it, the employment of the plaintiff was not casual, but was regular and in the usual course of the business of the employer. This being true, both parties surrendered their rights to any other method of determination of the amount of compensation than that provided for under the Employers' Liability Act.''

In Nebr. National Guard v. Morgan, 199 N. W. 557, 559, the Supreme Court of Nebraska held:

''The employment of Morgan was not casual, because it was necessarily connected with the performance of the duties imposed upon the national guard. The shortness of time of his actual engagement upon the work is not controlling; his term of service was indefinite, was ended only by the accident, and in this situation, so far as this point is concerned, he would have been entitled to compensation if the accident had happened on the first day or within a few hours of the commencement of his employment.''

[See, also, Doherty v. Township, 172 N. W. 596, 599; Eddington v. Tel. Co. (Ia.), 202 N. W. 374.] Defendants seem to infer from the fact plaintiff was paid on a wage scale of an ''extra'' that he must be held to be classified as a casual employee. If this argument were sound this court, by interpretation, must add to the provisions of the compensation act a clause denying to extra men the benefits of the act. This, of course, we may not do. In the Eddington case, last cited, plaintiff was an extra lineman and after his injury the defendant company sought to exclude him from the benefits of the compensation act on the ground he was a casual employee. The court said, l. c. 377:

''It should always be borne in mind, as the pole-star of construction of any statute, that the rule is broader than the exception; that the exception is specific rather than general; and that therefore doubts and implications should be solved in favor of the rule rather than of the exception.''

We find the courts somewhat divided as to the meaning of the term ''casual employment,'' some holding the nature of the work to be performed is the true test; while others hold an analysis of the contract of employment furnishes the true test. But in the instant case it matters not which theory we adopt, we can arrive at but one conclusion and that is the plaintiff was not a casual employee. It is admitted his work was incidental to the usual business of the em-

ployer and that his injury arose in the course of his employment. Further pursuing the reasoning we fail to find any positive evidence of record to the effect that plaintiff's employment was temporary.

Reverting to the fact plaintiff was injured the day following his beginning of the work, we must hold this fact affords no test as to whether or not he was a casual employee. In the case of Industrial Commission v. Funk, 68 Colo. 467, 191 Pac. 125, 127, the Supreme Court of Colorado held:

"The employees at the mine were employed to do a particular part of a service recurring somewhat irregularly, with the fair expectation of the continuance for a reasonable time. It does not render an employment casual that it is not for any specific length of time, or that the injury occurs shortly after the employee begins work. Under the facts above stated and the principles announced, we conclude that Sam and William Gaines were not casual employees within the meaning of the statute." (Citing cases.)

[See, also, Doherty v. Township, supra; Pfister v. Electric Co. (Ia.), 202 N. W. 371, 374; Johnson v. Choate (Ill.), 119 N. E. 972.] The statutes should be construed liberally. [Ex parte Little Cahaba Coal Co., 105 So. 648; Mobile Liners v. McConnell, 126 So. 626.]

We have carefully examined the opinions cited by defendants, but find therein no facts sufficiently similar to the case at bar to afford a fair basis for analogy. Defendants have endeavored unconvincingly to draw a distinction between the Missouri act and the compensation acts of other States. Considering all the cases cited by plaintiff and defendants we can arrive at but one conclusion, to-wit, the commission and the circuit court were not in error in holding plaintiff entitled to compensation under the terms and provisions of the Missouri Workmen's Compensation Act. If there were any doubt about it, such doubt and all questions of construction must be resolved in favor of the plaintiff. [Betz v. Telephone Co., 24 S. W. (2d) 224; Howes v. Nursery Co., 22 S. W. (2d) 839.] In their supplemental brief defendants call our attention to section 3305, paragraph (d), Revised Statutes 1929, which is as follows:

"An employee who is employed by the same employer for more than five and one-half consecutive work days shall for the purpose of this chapter be considered a regular and not a casual employee."

This section clearly is not controlling in the case at bar. It was not the intent of the Legislature to establish a hard and fast line of distinction between a regular and a casual employee, but rather to declare that if a laborer entered the employ of an employer and pursued his duties for a period of five and one-half days, for the purposes of the chapter, he is to be considered a regular and not a casual employee. Any other construction would be contrary to reason. Sup-

pose, for instance, a laborer enters the employ of another under a written contract of employment fixing the term of his employment as one year, and the wages to be paid, and he is injured on the day he begins his work. Can it be successfully contended the employee is not entitled to the benefit of the act? Such a construction would border on the ridiculous.

Failing to find any reversible error of record, the judgment is affirmed. All concur.