## STATE FARM MUT. AUTOMOBILE INS. CO. v. BROOKS et al.

### No. 146.

District Court, W. D. Missouri, Southwestern Division.

March 6, 1942.

Thomas E. Deacy, of Kansas City, Mo., and Robert E. Seiler, of Joplin, Mo., for plaintiff.

Henry Warten, of Joplin, Mo., for defendant A. F. Brooks.

Helen E. Redding, of Joplin, Mo., for defendant William Fred Hayes and another.

Roy Coyne, of Joplin, Mo., for defendant Curtis Palmer and another.

REEVES, District Judge.

This is a suit for a declaratory judgment authorized by section 400, Title 28 U.S.C. A. The plaintiff seeks a declaration of rights and obligations under a policy of liability insurance issued by it to the defendant A. F. Brooks. Such declaration is sought upon a state of facts arising while its policy was in force. The effective date of the policy was October 11, 1940, and it admittedly was in force at the date of the occurrence which laid the foundation for this suit. Its policyholder, A. F. Brooks, was doing business as East Side Ice & Fuel Company, 1101 Broadway, Joplin, Jasper County, Missouri.

Among other coverages of the policy was one for a "bodily injury liability" with a limit of $10,000 in favor of each person and a maximum of $20,000 for each accident. The policy was upon a 1940 Chevrolet 1½ ton truck owned by the said A. F. Brooks and used by him in carrying on his business. An obligation of the plaintiff, among others, is as follows:

"1. * * * A. To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability imposed upon him by law for damages * * * because of bodily injury, including death at any time resulting therefrom, sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile."

There were several "Exclusions" clauses in the policy. The language thereof as to the one applicable in this discussion is as follows:

"This policy does not apply: * * * to bodily injury to or death of any employee of the insured while engaged in the business * * * of the insured."

It is alleged by the plaintiff that on September 3, 1941, Raymond Hayes, the minor son of the defendants, William Fred Hayes and Maggie May Hayes, was killed while engaged in work as an employee of its assured and that suit had been instituted by said defendants against its assured. It further alleged that its policyholder had called upon the plaintiff under the terms of the policy to defend said suit. It also

alleged that, in the same accident, Curtis Palmer suffered injuries and that he, by his next friend Robert Hoops, has also instituted a suit against plaintiff's assured and, in like case, plaintiff is being called upon by the assured to defend said action. It is the contention of the plaintiff that, by reason of the provision excluding the application of the policy to the employees of the assured, it should not be required to defend the above mentioned several actions nor should it be held liable to its policyholder on account thereof.

The several defendants deny the averments of the complaint relating to the subject of employment by the assured of Raymond Hayes and Curtis Palmer. The several defendants assert that at the time of the accident resulting in the death of Raymond Hayes and the serious injuries to Curtis Palmer they were not then employees of plaintiff's policyholder within the terms of said policy.

Upon this issue the testimony shows that both the deceased Raymond Hayes and Curtis Palmer were sixteen years of age and that the plaintiff's policyholder was engaged in operating, among other things, a fuel yard at the address mentioned. It was a part of such operation to obtain wood from points outside of Joplin. Late in August and early in September the said Raymond Hayes and Curtis Palmer accepted temporary employment at the place where the wood was obtained, to collect it and pile it for loading and transportation, in the truck or automobile covered by the policy, to the assured's fuel yard at Joplin. It was while returning to Joplin on the loaded truck that the accident occurred, and the death, and serious injury were sustained. Admittedly, it was not regular or continuous employment. Both the employer and the employees, as well as the plaintiff, understood that. The only question presented upon the evidence is one of law, whether the said parties were employees within the purview of the policy.

1. It is a fundamental principle in dealing with the relationship of employer and employee that the word "employee" may have different meanings in different connections. 20 C.J. 1242; 30 C.J.S., Employee, p. 226.

In the case of Louisville, etc., Co. v. Wilson, 138 U.S. 501, loc. cit. 505, 11 S.Ct. 405, 407, 34 L.Ed. 1023, the Supreme Court, when confronted with a somewhat similar situation, said: "The terms 'officers' and 'employes' both alike refer to those in regular and continual service. Within the ordinary acceptation of the terms, one who is engaged to render service in a particular transaction is neither an officer nor an employe. They imply continuity of service, and exclude those employed for a special and single transaction."

This language was quoted and the principle applied by the Fourth Circuit Court of Appeals, in Frick Co. v. Norfolk & O. V. R. Co., 86 F. 725, loc. cit. 738. Moreover, the St. Louis Court of Appeals adhered to the same doctrine in Daub v. Maryland Casualty Co., Mo.App., 148 S. W.2d 58, loc. cit. 60, when it said:

"The words, employed and employee, as used in insurance policies, generally denote regular employment, as distinguished from occasional, incidental, or casual employment."

It cannot be contended but that the employment in this case should be described by the words, "occasional, incidental, or casual employment."

By analogy the Kansas City Court of Appeals held to the same effect in Eisen v. John Hancock Mutual Life Ins. Co., 230 Mo.App. 312, 91 S.W.2d 81 loc. cit. 87. In the latter case an employee had not entirely severed his connection and was no longer a "regular worker at the store," being employed only upon occasions. The court said:

"We are of the opinion that English, not being regularly employed, did not continue to be such an employee as the master policy undoubtedly contemplated one be or become in order to be insured under it * * *."

The Kansas City Court of Appeals, also, in Carrigan v. Western Radio Co. et al., 226 Mo.App. 468, 44 S.W.2d 245, loc. cit. 247, comments as follows upon "casual employment:"

"We find the courts somewhat divided as to the meaning of the term 'casual employment,' some holding the nature of the work to be performed is the true test; while others hold an analysis of the contract of employment furnishes the true test."

While admittedly the alleged employees were not engaged at the time of the accident in the performance of the duties for which they were employed, yet they were

riding home in the automobile of their employer. This was under an arrangement that they would be taken to and returned from the place of employment in assured's automobile or truck.

In Green v. Travelers Ins. Co., 286 N. Y. 358, 36 N.E.2d 620, the Court of Appeals of New York held that a ride given an employee by the employer, merely as a matter of accommodation, is a gratuity, and not a part of the employment. Many decisions of the courts may be found to the contrary. These, however, need not be cited for the reason that the decision of the case should rest on the question whether the decedent and the injured party should be classed as employees within the terms and meaning of the policy so as to be excluded from its benefits. The case of Daub v. Maryland Casualty Co., supra, 148 S.W.2d 58, is now pending in the Supreme Court of Missouri upon certiorari. If the Supreme Court should hold that casual employment, such as this, would fall within the terms of the "exclusions" clause of the policy, then such holding would be authoritative and would control the decision in this case. However, in the meantime, the law as it clearly appears both upon principle and by decisions, including decisions by the courts of Missouri, would relieve the defendants from the application of the exclusionary clause quoted. It must be held, therefore, that Raymond Hayes and Curtis Palmer were not employees of plaintiff's assured within the purview of the policy, and that, by reason thereof, it became and is the duty of the plaintiff to meet its obligation under its policy by defending the suits as therein provided and responding on behalf of its policyholder to costs and damages.

2. The evidence disclosed that the plaintiff was duly notified of the accident and the claims interposed because of the death of one and the injury to the other of the parties named. Moreover, it appeared that, after suits had been filed, plaintiff was timely notified of the facts and thereafter pursued its independent inquiry on the question of its liability. Based upon such inquiry and investigation it categorically denied liability and refused to defend the suits instituted against its policyholder. The result of this was that its policyholder was compelled to employ counsel in both suits. The suit by the defendants, William Fred Hayes and Maggie May Hayes, has resulted in a judgment in their favor in the sum of $3,000 against plaintiff's policyholder. This judgment resulted from a "trial by court and judgment in favor of plaintiffs and against defendants in the sum of $3,000 and costs." There was no evidence to indicate that this was a collusive judgment between plaintiff's policyholder and said plaintiffs, but, on the contrary, that it was entered in good faith.

Mr. and Mrs. Hayes have filed a counterclaim here for the amount of the judgment. They had a right to do this. It appearing that the plaintiff is liable under its policy, it is deemed proper here to enter judgment against the plaintiff for the amount asserted in the counterclaim.

3. The defendant, A. F. Brooks, has in like manner interposed a counterclaim for expenses either paid or incurred by him by reason of failure on the part of the plaintiff to discharge its obligation under its policy. He was compelled, among other things, to employ counsel for his defense. This was an obligation resting upon the plaintiff. The testimony was that a reasonable attorney's fee would be $250 for each case. The defendant Brooks is entitled to judgment in that amount, together with other proper expenses.

4. William Fred Hayes and Maggie May Hayes were compelled to employ counsel to represent them in this suit for a declaratory judgment. They have filed, however, a counterclaim against the plaintiff. It should not have been necessary for them either to defend against a suit of this kind or to be required to employ counsel to bring an original suit against the plaintiffs. This they have done by their counterclaim. They probably should be awarded a judgment, as part of the costs of their defense and counter suit, for a reasonable attorney's fee. There was no evidence in support of the claim for an attorney's fee and since there may be doubt on the law, this question will be held in abeyance till the similar claim in the Palmer case is made.

5. The suit of Curtis Palmer is not yet determined. A counterclaim has not been filed on his behalf. However, the policyholder seeks relief in this action for a probable outlay. That portion of this suit should be held in abeyance awaiting the results of the Palmer case. When that has been decided, the policyholder should be at liberty to file an additional pleading wherein he may set up such claims as

874

would be warranted by the facts. It is probable, as intimated, that counsel for Curtis Palmer may desire an opportunity to file a claim for counsel fees, as in the Hayes. case.