CARTER *v*. VIRGINIA SURETY CO.

(*Knoxville*, September Term, 1948.)

Opinion filed December 11, 1948.

W. J. CARTER and GEO. N. BARNES, both of Johnson City, for appellant.

KILGO & ARMSTRONG, of Greenville, for appellee.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The Virgina Surety Company demurred to a bill filed against it by Carter in the Chancery Court at Johnson

City, Tennessee. The Chancellor sustained this demurrer. Carter has duly perfected his appeal to this Court.

We find in the record an excellent memorandum opinion of the cause by the learned Chancellor, JOE W. WORLEY. We adopt both the reasoning and conclusion therein set forth. His opinion reads as follows:

"Complainant and defendant are insured and insurer under a contract of indemnity insurance issued August 1, 1946, to be effective for one year, covering the insured's liability for personal injury and property damage arising out of the 'ownership maintenance and use' of a 1946 Studebaker tractor, with trailer, and subject to conditions and provisions therein set out.

"This suit has been brought for $1500 damages occasioned the complainant by reason of facts said to constitute a 'violation of the fiduciary relationship' arising between the parties to this insurance contract. The defendant has demurred, in that the bill shows no basis for liability assertible in this Court. The cause was taken under advisement after able argument and brief, and appears to be one of first instance in this state.

"After alleging the execution of the insurance contract the bill proceeds to show that on October 12, 1946 the vehicle described, 'while said policy was in full force and effect,' was involved in a collision near Greeneville, Tennessee, wherein four persons in the automobile struck were seriously injured, the automobile practically destroyed. There resulted, on March 10, 1947, four actions for damage by these persons in the Law Court at Johnson City, their claims aggregating $100,000. It seems that complainant's vehicle was then being operated under an agreement with E. T. & W. N. C. Transportation Co., the effect of which has previously been in dispute, and the

Transportation Company was joined with our complainant as co-defendant in the Law Court actions.

"After investigating the collision, and making preparations to defend the Law Court actions, the defendant Virginia Surety Company on March 20, 1947 filed suit in the Federal Court at Greeneville, denying liability under its policy, and asserting violations of certain policy provisions, and exclusions, as grounds for relief. Joined as defendants in the Federal proceeding were complainant here, the Transportation Company and its insurer, the drivers involved, and the four Law Court plaintiffs. A Declaratory Judgment was sought, exonerating the Surety Company from liability, and declaring it free from the duty of defending the actions in the State Court. After what is here stated to have been vigorously contested and expensive litigation the District Court declined to exercise its to some extent discretionary jurisdiction in declaratory judgment suits and dismissed the proceeding without prejudice. From the District Court opinion filed as an Exhibit to the bill it is apparent that our complainant had there moved for summary judgment against his insurer, and others of the Federal Court defendants had asked affirmative relief, but none was granted.

"When the State Court actions came on to be tried they were settled by compromise for $17,000, the Transportation Company and its insurer making the settlement.

"Of complainants' claim for damage $1000 is for his attorney's fees in the Federal proceeding, $500 for other expense and loss of time in that connection. It is alleged that this declaratory suit by the defendant was 'premature, vexatious, and useless' and as stated, a violation of 'fiduciary relationship.' It is not alleged that the

defendant failed to defend the State Court proceedings as by provision of its policy required, or that damage resulted purely from delay in defense. The District Court opinion recites:

" 'The Surety Company, reserving its disclaimer of liability, has declared its intention nevertheless to defend the insured and the driver, pending the outcome of its suit for declaratory judgment.'

"Nor is it shown to have been determined whether the insurance policy 'covered' the collision that occurred, hence whether any fiduciary relationship then or thereafter existed by reason of the relationship of insurer and insured. Apparently complainant would have this suit make such determination as basic to the relief prayed for alleged violation of such relationship. The District Court did not intimate that the insurer's defense was frivolous, or that the Federal Court was not a proper tribunal to determine disputed coverage by declaratory judgment. On the contrary, both its opinion and a number of cases cited in Title 28 U. S. C. A. Sec. 400 [now sections 2201, 2202] indicate that the Federal Courts, jurisdictional requirements present, have often decided the question of coverage between insurer and insured in declaratory judgment proceedings, before the tort liability of the insured has been fixed by judgment. The stated reason for refusing to exercise jurisdiction was that such exercise probably involved a construction of a declaration as to the agreement between Wade H. Carter and the Transportation Company under which the vehicle was being operated, which declaration might confuse or radically affect the rights of the state court plaintiffs, thus permitting the declaratory judgment proceeding to become, 'a device for a piece meal removal of non-remov-

able causes.' This opinion is a part of the bill and complainant presumably bound by its findings, but assuming that the federal suit was frivolous, even malicious, the remedy would sound in personal tort, which this Court has no jurisdiction to redress.

■ "The suit which occasioned complainant's damage was the defendant's effort to obtain a declaration that, on the facts, it owed him no duty. To hold that such a suit may not be brought without liability for damage in event of failure to prevail, even though in good faith, would go far, and place a penalty on the insurer's access to adjudication of rights not common to other contracting parties or to litigants generally. No case has been cited in support of the proposition. Public policy might lead the legislature to place this extra duty on an insurer, assuming its power present, but a Court must find sound legal principle, or at least precedent, and neither is here shown or has been discovered.

"One Federal District Court decision cited by complainant (*State Farm Mutual Automobile Insurance Co.* v. *Brooks*, D. C., 43 F. Supp. 870) tends to show that the attorneys' fees incurred by an insured in sucessfully resisting his insurer's suit for declaratory judgment might be allowed as costs in the Federal Court though does not expressly so decide. Another, cited by defendant (*Ocean Accident & Guarantee Corp. Heald, D. C.*, 30 F. Supp. 991), expressly refuses to allow attorney's fees as *costs*, in similar situation, though reopens the cause to determine whether such may be a part of the insurer's liability *under the policy*. I do not clearly understand complainant's solicitors to insist that this his alleged cause of action can be related to any policy provision. Section 11 (A) obligates the insurer:

" 'to defend in his name and behalf any suit against the insured alleging such injury or destruction and seeking damages on account thereof, even if such suit is groundless, false, or fraudulent.'

■■ "This provision may be limited to tort claims, as defendant insists, or may include some other types of action arising in connection with the alleged tort, as complainant asserts, but plainly is not contemplated to cover actions brought by the *insurer* against the insured, but only those in which third persons are plaintiffs. A contract to defend for the obligee suits brought by the obligor would be against public policy, of dubious validity, certainly not reasonably to be *implied* as the intent of the contracting parties.

"Cases treating the right of the Federal Court to have allowed attorney's fees as costs in the declaratory action are here beside the point. If the remedy does exist there, and was not pursued, it does not aid complainant here. Defendant argues, on the contrary, that the failure to assert the claim in the Federal Court, best able to determine its merit, constitutes a bar to this proceeding, but that need not be decided.

"In only two other states have courts of last resort ruled on claims similar (one almost exactly so) to that of complainant here. In *O'Morrow* v. *Borad*, 27 Cal. (2d) 194, 167 P. (2d) 483, 163 A. L. R. 894, it happened that the plaintiff and the defendant in the state court had the same insurer, whereupon the defendant O'Morrow, who also had a cross-action, brought suit for declaratory judgment to be relieved of his contract obligation to allow the insurer to defend for him, and for a declaration of its liability for his reasonable expense of independent defense. This relief was granted after contest. The Cali-

fornia Court, however, denied plaintiff any recovery for attorney's fees incurred in the declaratory action, saying, 27 Cal. (2d) 794, 167 P. (2d) 487, 163 A. L. R. 899:

" '. . . there is no basis for allowing O'Morrow the reasonable expense of counsel in the present suit for declaratory relief. He has not brought himself within any of the few exceptions to the general rule that, in the absence of contract or statutory provision, the services of an attorney must be paid for by the client who employs him. In re Estate of Marré, 18 Cal. (2d) 191, 192, 114 P. (2d) 591.'

"Complainant seeks to distinguish this case in that the insured was there the *plaintiff*, in the declaratory action. Yet he was in stronger position than complainant here, to the extent that he prevailed on the merits, while the declaratory proceeding here was inconclusive.

" 'In *Maryland Casualty Co.* v. *Sammons*, 63 Ga. App. 323, 11 S. E. (2d) 89, 91, the insured brought suit in the state court to recover from his insurer (1) expenses incurred by the insured in defending tort action by a third person in the state court, during a time when the insurer had refused to defend, and (2) the expenses incurred by the insured in defending insurer's unsuccessful suit for declaratory judgment in the Federal Court, wherein it sought to avoid liability under the policy. As to item (1) the Court overruled demurrer, but sustained a special demurrer to the second item, saying:

" 'The petition, however, does not set out a cause of action for expense incurred in the case in the Federal Court for the reason that it was in effect a suit against the insurance company on the policy, in which the liability of the company to Sammons on the policy was involved, and the policy does not provide for the payment

of expenses or attorney's fees in such a case, and the petition is not predicated upon the idea that the case in the Federal Court was brought in bad faith or that the Insurance Company was stubbornly litigious. The situation is the same as if the petition for declaratory judgment had not been filed. If Crandall (the third party), had obtained a judgment against Sammons (the insured) and the insurance company had refused to pay it, Sammons would have had a cause of action against it for the amount of the judgment, up to the amount contracted for, plus the costs incurred in defending the damage suit. He would not in such a case have a cause of action for expenses of the suit *against the insurance company* unless the insurance company had acted in bad faith, or fraudulently, or had been stubbornly litigious. (Citing Georgia cases.) Every person, natural or artificial, has a right to have his rights under a contract adjudicated, subject to the rule just stated, whether the issues are made affirmatively or defensively, without paying the attorney's fees of the opposite party in such a suit.' (Emphasis supplied.)

''The pertinent provision as to the insurer's defense of suits in the policy considered in the *Georgia Case* appears to be identical with that here involved, and diversities in the two fact situations not material. Complainant does not here charge that the declaratory suit was fraudulent or in bad faith, and on his inclusive judgment in the declaratory suit is, again, in weaker position than the Georgia plaintiff. He had not been damnified by judgment at the hands of a third party, and it is therefore unnecessary to decide whether the penalty provisions of our statute, sometimes applicable when the insurer wrongfully refuses to pay, have application to ex-

penses incurred in defending declaratory suits of a character within *the spirit* of our penalty statute, which the Georgia Court seems to intimate as to is perhaps similar satute.

■ "It is true, as complainant's solicitors assert, that these cases are not controlling on this Court, but are respectable authority, based on clear reasoning, which the Court will not disregard unless a contrary result can be put on some sound basis, either overlooked or not applicable in the cited cases. After careful consideration no such basis has been found, and it results that the demurrer must be sustained, the cause dismissed at complainant's cost."

We have made a careful study of the authorities cited by the appellant, frankly said to be all that can be found, and think that the Chancellor's analysis of them is correct. The appellant relies primarily on the case of *State Farm Mut. Automobile Ins. Co.* v. *Brooks, supra.* This opinion is by a district court and is no doubt sound under the facts presented. The basis of this decision might be summed up in an excerpt from the opinion as follows [43 F. Supp. 873] :

"Based upon such inquiry and investigation it categorically denied liability and refused to defend the suits instituted against its policyholder. The result of this was that its policyholder was compelled to employ counsel in both suits."

Obviously this was the reverse of the factual situation in the instant cause.

■ "In the absence of contract, statute, or recognized ground of equity, there is no inherent right to have attorneys' fees paid by opposing side." *Johnson* v. *Gerald,*

216 Ala. 581, 113 So. 447, 448, 59 A. L. R. 348. None of these requisites are set out in the bill filed in this cause.

For the reasons herein set forth the decree of the Chancellor must be affirmed.

All concur.