# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### APRIL 2000 Session

## GOGGIN TRUCK LINE COMPANY, INC. v. BRAKE PRO, INC.

**Direct Appeal from the Circuit Court for Bedford County**
**No. 7716; The Honorable Lee Russell, Judge**

---

**No. M1999-01277-COA-R3-CV - Filed August 22, 2000**

---

This appeal arises from a breach of contract case initiated by Goggin Truck Line Company, Inc. ("Goggin") against Brake Pro, Inc. ("Brake Pro"). Goggin sought payment for unpaid freight shipping services provided to Brake Pro. In addition, as provided for under a company tariff, Goggin sought recovery of an additional amount because of the necessity to initiate legal action. The court below found in favor of Goggin. Brake Pro appeals.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part and Reversed in Part**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which CRAWFORD, P.J., W.S., and FARMER, J., joined.

Brett A. Oeser, Nashville, for Appellant

Ginger Bobo Shofner, Shelbyville, for Appellee

## OPINION

Goggin, a freight shipping service, filed suit against Brake Pro in the Bedford County Circuit Court to recover unpaid freight charges incurred by Brake Pro. In addition, Goggin sought recovery for an additional amount as provided for in various tariffs and fee schedules. Trial on the matter was held on March 8, 1999. The trial court found in favor of Goggin, awarding the full amount of undiscounted freight charges ($136,257.66) incurred by Brake Pro and an additional thirty percent of those charges ($40,877.30) to Goggin as provided in GOTL[1] 190. The court characterized the additional amount as a recovery for attorney's fees. Brake Pro appeals the award of attorney's fees based on the following.

---

[1] The meaning of "GOTL" is not explained in the parties' briefs or the record. For the purpose of clarification, this Court assumes GOTL is merely an abbreviation of Goggin Truck Line.

The particular tariff under which Goggin sought recovery of attorney's fees is GOTL 190. GOTL 190 provides that, "if the carrier must subsequently initiate legal action in order to collect the lawful charges, that debtor will be assessed an additional amount equal to thirty (30) percent of the undiscounted freight charges or ninety-seven dollars and fifty seven cents ($97.50) which ever is greater." Brake Pro was not provided with a copy of this tariff but the tariff was available in house at Goggin. Brake Pro was, however, provided with a tariff stating "additional rules not provided for herein are published in GOTL 190 (Rules Tariff), GOTL 500, GOTL 501, their supplements or re-issues thereof." The invoices summarizing Goggin's services and charges contained language indicating forfeit of discount and a one and one-half percent service charge for past due accounts. The invoices did not reference the amount provided for in GOTL 190.

On appeal, Brake Pro claims that it did not have knowledge of the thirty-percent provision and that it did not agree to the provision. In addition, Brake Pro claims that the provision is an unenforceable penalty under Tennessee law regarding liquidated damages.

**Analysis**

The standard of review for a non-jury case is de novo upon the record. Wright v. City of Knoxville, 898 S.W.2d 177, 181 (Tenn. 1995). There is a presumption of correctness as to the trial court's factual findings, unless the "preponderance of the evidence is otherwise." TENN. R. APP. P. Rule 13(d). For issues of law, the standard of review is de novo, with no presumption of correctness. Ridings v. Ralph M. Parsons Co., 914 S.W.2d 79, 80 (Tenn. 1996). In the case at bar, the parties dispute both the applicability and the meaning of certain provisions of the oral contract entered into by the parties. Therefore, both an issue of fact and an issue of law must be considered. We first turn to the issue of fact: whether or not Brake Pro assented to GOTL 190.

**A. Applicability of GOTL 190**

On appeal, Brake Pro argues that it is not bound by the provisions of GOTL 190 because it did not accept or otherwise assent to the provision. Brake Pro argues that it was not aware of the content of GOTL 190, and therefore cannot be bound by it. Brake Pro does not deny the existence of a valid contract with Goggin. Instead, Brake Pro argues that GOTL 190 is not a valid part of the contract. Based upon the following, we disagree.

From our review of the record, it is apparent that the parties did not enter into a formal written contract. Instead, the parties formed an oral contract with only certain provisions reduced to writing. These provisions included the rates charged and applicable discounts. Both parties acknowledge the receipt of these provisions although neither party signed the provisions.

It is well established that a contract may be expressed, implied, written, or oral. Unless required by law, contracts need not be in writing in order to be enforceable. In Tennessee, oral contracts are valid and binding so long as the terms are definite and certain. Thompson v. Creswell Indus. Supply, Inc., 936 S.W.2d 955, at 957 (Tenn.App. 1996). In addition, the terms of the

agreement and mutual assent[2] to those terms must be proven by those seeking to enforce them. CPB Management, Inc. v. Everly, 939 S.W.2d 78, at 82 (Tenn. Ct. App. 1996).

Among the scant written documentation of the parties' agreement is a discount provision outlining the types of discounts available to Brake Pro. This written provision also contains "General Information" affecting the parties' agreement and the use of discounts.[3] Within this general information is a statement indicating that additional rules affecting the parties are contained within GOTL tariffs 190, 500, and 501. This language suffices to put Brake Pro on notice of the existence of GOTL 190. As such, Brake Pro should have inquired about the effect and function of GOTL 190.

We cannot ignore the language in the contract nor revise the contract under the theory of construing it. Brake Pro consented to these terms when it entered into the contract with Goggin. It cannot claim lack of notice when they had either actual or constructive knowledge of GOTL 190. Franklin v. Kimberly, No. 01A01-9701-CV-000091997, WL 379173, *3 (Tenn. Ct. App. July 9, 1997) In this case, the trial court found that Goggin met the burden of proving Brake Pro assented to the terms of GOTL 190 and that the terms themselves are definite and certain. We do not find that the evidence preponderates against the trial court's finding. Therefore, the decision of the trial court on this issue is affirmed.

## B. Enforceability of GOTL 190

As a second point of error, Brake Pro asserts that GOTL 190 is an unenforceable penalty under Tennessee law. Brake Pro argues that the provision is actually a liquidated damages clause and that as such it represents an unreasonable amount. Goggin asserts that the provision provides for attorneys' fees[4] and does not operate as a liquidated damages clause. Based upon the following, we find that the amount provided for in GOTL 190 is an attempt to create a liquidated damages clause that resulted in an unenforceable penalty.

Our Supreme Court recently addressed the issue of liquidated damages. Guiliano v. Cleo, Inc., 995 S.W.2d 88, at 97 (Tenn. 1999). In Guiliano, the Court stated that a provision need not include the term "liquidated damages" in order to constitute a liquidated damages provision. Where a provision entitles a stipulated recovery to one party following an event that constitutes a breach of contract, we must consider both the substance of the provision and the parties' intention to

---

[2] "The contemplated mutual assent and meeting of the minds cannot be accomplished by the unilateral action of one party, nor can it be accomplished by an ambiguous course of dealing between the two parties from which differing inferences regarding continuation or modification of the original contract might reasonably be drawn." Jamestowne on Signal, Inc. v. First Fed. Sav. & Loan Ass'n, 807 S.W.2d 559, 564 (Tenn.Ct.App.1990).

[3] Although GOTL 190 was revised in January 1997, after the parties had entered into a contract, the applicable language remained unchanged.

[4] The rule is well established in this state that in the absence of a contract, statute or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation. Carter v. Virginia Surety Co., 187 Tenn. 595, 216 S.W.2d 324 (1948).

determine whether the provision calls for liquidated damages. In sum, "If the parties agree in the contract on the amount of damages to be recovered for compensation, upon the occurrence of a particular defaulting event, then the damages are liquidated unless the contract states otherwise." Guiliano at 97.

With this standard in mind, we find that the language of GOTL 190 acts as a liquidated damages clause. The provision provides: "If the carrier must subsequently initiate legal action in order to collect the lawful charges, the debtor will be assessed an additional amount equal to thirty (30) percent of the undiscounted freight charges or ninety seven dollars and fifty cents ($97.50), whichever is greater." We do not agree with Goggin's argument that the term "legal action" necessarily implies that the amount is to cover attorney's fees. Instead, the provision provides an easily determinable amount recoverable by Goggin upon Brake Pro's breach of contract.

We must now determine whether the liquidated damages clause is reasonable or whether it acts as a penalty. In determining the enforceability of the liquidated damages clause, we must consider both the reasonableness of the amount and whether actual damages were indeterminable or difficult to measure at the time the parties entered into the contract. If both these elements are met the provision will be upheld. However, if the parties intended merely to penalize for a breach of contract, then the provision is unenforceable as against public policy. Guiliano at 100-101. A penalty is used to punish for default "or [as] security for actual damages which may be sustained by reason of non-performance, and it involves the idea of punishment." Harmon v. Eggers, 699 S.W.2d 159, 163 (Tenn. App.1985) *rev'd on other grounds* Guiliano v. Cleo, Inc., 995 S.W.2d 88 (Tenn. 1999). Any doubt as to whether a sum is a penalty or liquidated damages will generally be resolved as the penalty because forfeitures and penalties are not favored. Harmon, at 163.

Based on the standard above, we find that the provision provides for an unenforceable penalty. There has been no evidence that either the amount itself was a reasonable estimate of damages, or that at the time of contracting the prospective damage amount was indeterminable. Accordingly, we find that the trial court erred in upholding this provision.

### Conclusion

For the foregoing reasons, the decision of the trial court is hereby affirmed in part and reversed in part. Costs of appeal are taxed one-half to Appellant, Brake Pro, and one-half to Appellee, Goggin Truck Line, for which execution may issue, if necessary.

_____
ALAN E. HIGHERS, JUDGE