# JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY
## v. YATES.

No. 10802. 'MARCH 10, 1937.

*Smith, Smith & Bloodworth, Boykin & Boykin,* and *W. H. Smith,* for plaintiff in error.

*Smith & Millican,* contra.

RUSSELL, Chief Justice. Mrs. Edna K. Yates brought suit on a policy of life insurance written on the life of her husband. The policy was applied for and issued in New York, of which State the insured was a resident. Upon the death of the insured, his wife, who was a native of this State, brought the body of her husband to Carroll County, for burial. The insurance company defended the suit on the ground that the insured had made certain false statements in his application for the policy of insurance, concerning previous illness and consultation and treatment therefor by a physician, which were material to the risk insured against, and voided the policy. The company pleaded certain statutes and decisions of the highest appellate court of the State of New York, asserting that as the contract was made in that State, in a suit thereon such statutes and decisions were controlling on the question of the liability of the company, and that as a matter of law it was not liable, because under the New York law the question of the materiality of false statements in an application for insurance, such as was involved in this case, was one of law for the courts, and not of fact for the jury, and that under the New York law the fact that the insured did not himself write the answers to the questions propounded in the application, but the same was done by an agent of the company, who asked the insured the questions, and that the fact that the insured had made correct answers to this agent and he had incorrectly recorded the same in the application, would not avail the insured where the policy had been delivered to him, with the application attached as a part thereof, and he had thus had opportunity to read the same, and did not

notify the company of the incorrectness of such answers. A trial of the case resulted in a verdict in favor of the plaintiff against the company. . To a judgment overruling a motion for new trial the company excepted. The Court of Appeals affirmed the judgment, holding, under authority of the decision of this court in *Massachusetts Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256 (8) (30 S. E. 918, 42 L. R. A. 261), that "The materiality of representations made by the insured in his application, under the laws of Georgia, is a question for the jury to decide. The manner in which this question shall be determined, being a matter affecting the remedy only, and not the validity, form, or effect of the contract, is to be controlled by the lex fori, and not by the lex loci contractus." It was further held, that while under the New York law a recovery could not be had by the beneficiary on this policy, a different rule prevails in this State, and while an insurance policy will be avoided where the applicant has made false answers to questions in his application, as to facts material to the risk, yet where the agent of the company incorrectly records such answers after being informed by the applicant as to the facts, the agent's actual knowledge thereof will be imputed to the insurance company and will estop it from asserting the invalidity of the contract because of such false statements. The Court of Appeals then held that the policy in this case was not void as a matter of law, but that the question was one for submission to a jury, and that their finding against the insurance company was not contrary to the law or the evidence. The insurance company applied to this court for a writ of certiorari, which was granted. This court, two Justices dissenting, followed the decision in the *Robinson* case, supra, and held that the question involved was a matter affecting the remedy, and was controlled by the law of the forum rather than the law of the situs of the contract, and affirmed the decision of the Court of Appeals. 182 *Ga.* 213. The Supreme Court of the United States granted a writ of certiorari, because of the contention of the insurance company that the State courts had refused to give to the public acts of the State of New York full faith and credit, as required by section 1 of article 4 of the constitution of the United States, Code, § 1-401. See 299 U. S. infra. The Supreme Court of the United States then held that the reasoning of this court and the conclusion reached by it, in

holding that the manner in which this question of materiality shall be determined, and the effect of the disclosure made orally by the applicant to the agent, were matters affecting the remedy only, and not the validity, form, or effect of the contract itself, are not sound, and that no question of remedy is involved in this case; and therefore the decision of this court was reversed. John Hancock Mut. Life Ins. Co. v. Yates, 299 U. S. 178 (57 S. C. 129, 81 L. ed.    ). It follows that the-judgment of this court affirming the judgment of the Court of Appeals must be set aside and vacated, and, for the reasons stated in the decision of the Supreme Court of the United States, the judgment of the Court of Appeals, affirming the judgment of. the trial court denying to the insurance company a new trial, must be held erroneous.

*Judgment reversed. All the Justices concur.*