**MILWAUKEE MECHANICS INS. CO. et al. v. DAVIS.**

No. 13849.

United States Court of Appeals
Fifth Circuit.

Aug. 8, 1952.

Rembert Marshall, W. Neal Baird, Atlanta, Ga., for appellants.

Herbert Johnson, Atlanta, Ga., for appellee.

Before HOLMES, BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The appellee agrees that, with one omission, the appellants' statement of the case is correct. Accordingly, that concise and accurate statement (but without its record references) is here quoted:

"The Appellee (plaintiff in the Court below) brought suit against Appellants to recover expenses and attorney's fees claimed to have been sustained because of Appellants 'failure to live up to' a certain automobile liability insurance contract existing between the parties.

"The case was tried before the Judge without a jury principally upon an agreed stipulation of facts * * * the only oral testimony being with respect to the reasonableness of the legal expenses claimed to have been incurred.

"Judgment was rendered against Appellants for the sum of Thirty Five Hundred ($3500.00) Dollars * * * and after a motion to amend findings was overruled * * * a notice of appeal to this Court was filed * * *.

"The background of the case is as follows:

"Appellee was insured with Appellants under a certain automobile insurance policy which covered a 1941 Oldsmobile automobile and which provided for automatic insurance for newly acquired automobiles under certain provisions (copy of policy attached to transcript of record from Fulton Superior Court sent up in original form).

"On July 20, 1946 the Oldsmobile was traded in on a 1941 Cadillac and several months later, to-wit: on November 16, 1946, Appellee had an accident with said automobile, seriously injuring one Don Morton and one L. B. Hawkins, Jr. * * *.

"Early in December, 1946, suits were filed against Appellee by both injured parties claiming damages and these suits were referred to Appellants for defense * * *. On December 20, 1946 Appellee was notified that Appellants were taking the position that there was no coverage under the policy because the acquisition of the Cadillac car was never reported to Appellants with the consequence that said automobile did not come within the automatic insurance provision. The two suits were returned to

Appellee on that date * * *. Appellee disputed this and contended that he had notified an agent of the companies at the time he acquired the Cadillac automobile. However, said suits were turned over to Appellee's attorney for further handling * * *.

"A week after the suits were returned to Appellee and before they were answered and before the time for answering had expired Appellants filed a declaratory judgment action in the State Court to have their rights under the policy declared, and obtained an order enjoining the further prosecution of the two personal injury suits, including the marking of said suits in default by the Clerk because of any failure to answer by defendants * * *.

"Thereafter Mr. Herbert Johnson, attorney for Appellee, filed answers in the two cases, each of such answers consisting of nothing more than a general denial of all paragraphs (transcript from Fulton Superior Court sent up in original form) after making some investigation * * *.

"Mr. Johnson represented Appellee in the declaratory judgment action which had a number of hearings, a trial on the merits and an appeal by the insurance companies to the State Supreme Court, with the subsequent transfer of the case to the Court of Appeals * * *.

"After a decision against the insurance companies in the trial Court and pending the appeal a joint conference was held between the attorneys for the plaintiffs in the two personal injury actions, the attorney for Appellee and the attorneys for Appellants, resulting in a settlement of such suits by the taking of consent verdicts against Appellee but with the understanding that such verdicts were to be paid off by Appellants in the event the declaratory judgment action was decided against them * * *.

"The declaratory judgment action was decided adversely to Appellants,

Milwaukee Mechanics Ins. Co. v. Davis, 79 Ga.App. 70, 52 S.E.2d 643, and promptly thereafter they paid off each of the verdicts and the personal injury suits were thereby terminated * * *.

"Thereafter the instant suit was brought in the State Court and removed to the United States District Court * * * on grounds of diversity of citizenship * * *.

. "A copy of the entire record in the declaratory judgment action, which record contains a copy of the record in each of the personal injury suits, was introduced in evidence as a part of the stipulation of facts * * * and has been sent up in original form * * *."

The one omission from the foregoing statement of the case noted by the appellee is " * * * that the attorneys for the plaintiffs in the actions for damages in the Fulton Superior Court filed a petition to consolidate the damage suits with the declaratory judgment action and seeking to dissolve the restraining order. Appellee's attorney argued these motions before the Fulton Superior Court."

The district court found as facts that the insured incurred liability for attorney's fees in the amount of $1,500.00 for work in preparing and defending the personal injury actions filed against the insured and that such fees were necessary and reasonable; that the insured necessarily incurred liability for reasonable attorney's fees in defending the declaratory judgment action in the sum of $2,000.00.

In its conclusions of law, the district court said in part:

"It is concluded that the liability incurred by complainant for attorney's fees in defending both the damage suits and the declaratory judgment action are damages flowing directly from the breach of the contract of insurance and are recoverable as such.

"That the liability for attorney's fees in both the damage suits and the declaratory judgment action were incurred at the 'Company's request' with-

in the meaning of the terms of the contract of insurance."

■ The policy is to be construed in accordance with the laws of Georgia; it was written in Georgia, to be performed in that State, and is being sued on in Georgia. See John Hancock Mutual Life Ins. Co. v. Yates, 50 Ga.App. 713, 179 S.E. 239, affirmed 182 Ga. 213, 185 S.E. 268, certiorari granted 299 U.S. 525, 57 S.Ct. 20, 81 L.Ed. 386, reversed 299 U.S. 178, 57 S.Ct. 129, 81 L.Ed. 106, reversed 184 Ga. 42, 190 S. E. 560, vacated 55 Ga.App. 771, 191 S.E. 392.

Georgia has certain statutes, Sections 56-706 and 20-1404 of the Code of Georgia, providing for the recovery of attorney's fees as expenses of litigation where a defendant has acted in bad faith or has been stubbornly litigious. With commendable candor the appellee's counsel stated to the trial court, and repeats here, that the appellee did not make out a case of bad faith or stubborn litigiousness on the part of the insurance company.

■ It seems to us, that the Georgia Court of Appeals has conclusively answered the contention that the attorney's fees incurred by the insured in defending the declaratory judgment action are damages flowing directly from the breach of the contract of insurance and recoverable as such. In the case of Maryland Casualty Co. v. Sammons, 63 Ga.App. 323, 11 S.E. 2d 89, 91, that court speaking through Judge Felton said:

"The petition, * * *, does not set out a cause of action for expense incurred in the case in the Federal Court for the reason that it was in effect a suit against the insurance company on the policy, in which the liability of the company to Sammons on the policy was involved, and the policy does not provide for the payment of expenses or attorney's fees in such a case, and the petition is not predicated upon the idea that the case in the Federal Court was brought in bad faith or that the insurance company was stubbornly litigious. The situation is the same as if the petition for a declara-

tory judgment had not been filed. If Crandall had obtained a judgment against Sammons and the insurance company had refused to pay it, Sammons would have had a cause of action against it for the amount of the judgment, up to the amount contracted for, plus the costs incurred in defending the damage suit. He would not in such a case have a cause of action for expenses of the suit against the insurance company unless the insurance company had acted in bad faith, or fraudulently, or had been stubbornly litigious. * * * Every person, natural or artificial, has a right to have his rights under a contract adjudicated, subject to the rule just stated, whether the issues are made affirmatively or defensively, without paying the attorney's fees of the opposite party in such a suit."

The other ground upon which the district court held that the attorney's fees in the declaratory judgment action were recoverable, and the ground most forcibly urged by the appellee, is that under the policy of insurance the insurance company agreed to reimburse the insured for expenses incurred at the Company's request excluding only loss of earnings. The exact language of the policy in that regard is:

"The Company shall reimburse the insured for all reasonable expenses, other than loss of earnings, incurred at the Company's request."

The Georgia Court of Appeals in the Sammons case, supra, did not refer to any similar provision. However, the policy in that case was before this court in Maryland Casualty Company v. Sammons, 5 Cir., 99 F.2d 323, and by reference to the record in that case, we find that the policy did contain a similar provision as follows:

"'* * * and the company shall reimburse the insured for any expense, other than loss of earnings incurred at the company's request.'"

Evidently, that ground of liability for the attorney's fees in the declaratory judgment action was not presented to the Georgia Court in the Sammons case. It does not appear to have been passed upon in that case.

The decisions outside of Georgia support the view of the Georgia Court in the Sammons case that ordinarily an insurer is not liable for attorney's fees and expenses incurred by an insured in a declaratory judgment action instituted by the insurer to determine its liability under the policy.[1]

The only case that either party has been able to find that clearly passes upon the liability for such attorney's fees under a provision in the policy providing for reimbursing the insured for reasonable expenses incurred at the Company's request is Standard Accident Insurance Co. of Detroit v. Hull, D.C., 91 F.Supp. 65, 68. In that case District Judge Carter of the Southern District of California said:

"Do the fees of attorneys for Hull and Berry constitute reasonable expenses, 'incurred at the Company's request' by the insured, in view of (1) The Act of the Company in filing action for declaratory relief, naming Hull and Berry as defendants, and causing them to be served with process; (2) The prayer of plaintiff's complaint, not merely *requesting* but *requiring* defendants to appear and set up their claim.

"Our answer is yes. The language of the plaintiff's agreement is clear and the record shows Hull and Berry employed attorneys and incurred obligations for attorney's fees herein."

No authority is cited in support of the court's ruling, and the question remains whether the reasoning of the district court in that case is sound.

■ "The fundamental question to be determined in the legal construction of all contracts is, what was the real intention

---

1. Standard Surety and Casualty Co. of New York v. Perrin, La.App., 19 So.2d 783; Carter v. Virginia Surety Co., 187 Tenn. 595, 216 S.W.2d 324; Maryland Casualty Company v. Dalton Coal and Material Co., 8 Cir., 184 F.2d 181. See also, Ocean Accident and Guarantee Corporation v. Heald, D.C., 30 F.Supp. 991; State Farm Mutual Automobile Ins. Co. v. Brooks, D.C., 43 F.Supp. 870.

of the parties?" New York Life Ins. Co. v. Babcock, 104 Ga. 67, 30 S.E. 273, 275, 42 L.R.A. 88; See 29 Am.Jur., Insurance, Section 157. The provision of the policy under consideration appears under the main heading of "Insuring Agreements" and under a subheading of "Defense, Settlement, Supplementary Payments". In that subdivision of the policy, provision is made for the payment of several items of expenses, such as premiums on bonds to release attachments, premiums on appeal bonds in any defended suit, expenses incurred by the insured for immediate medical and surgical relief to others. In each instance the particular expense agreed to be paid by the company is in furtherance of the performance of its insuring agreements and is accurately titled as "Defense, Settlement, Supplementary Payments". This part of the policy has to do with performance, not breach, of the insuring agreements. It is significant that when possible breach by the company is dealt with later in the paragraph captioned "Action Against Company", there is no reference to any obligation on the part of the company to pay the insured's attorney's fees.

In the Sammons case, supra, the provision for reimbursing the insured for expenses incurred at the Company's request appeared in a paragraph of the policy dealing with "Assistance and Cooperation of the Insured". The interest of the company would be furthered by the expenditures requested of the insured. That is not true as to the expenses of attorney's fees for defending a declaratory judgment action instituted by the company to declare its non-liability. There the interest of the company would be advanced if the insured conceded the company's position or did not employ attorneys to resist its claim of non-liability.

The word "expenses", while it might include attorney's fees, is not very appropriate for that purpose. "Generally it is held that attorney's fees are not included within a contractual provision for the payment of 'expenses'." 14 Am.Jur., Costs, Section 63; See note in Annotated Cases 1914C, p. 1301. It seems to us that the expenses contemplated by the parties in this provision of the insurance policy were expenses in connection with the risk insured against or incurred in the performance of the contract and not expenses incurred in litigation between the insured and the company to determine whether a risk was covered by the policy.

To say that a plaintiff in a declaratory judgment action, or for that matter in any law suit, "requests" the defendant to employ attorneys to contest the action, is a mere play upon words and is contrary to the real substance of the transaction. Due process would, of course, accord the insured the privilege of resisting the company's claim of non-liability and to that end the insured would have the right to employ attorneys, but it would be contrary to every interest of the company to say that the company "requested" such action. We do not think that either the insurance company or the insured could have had the intention that the insurance company could defend a suit on its policy or could file a declaratory judgment action only at the risk of being liable for attorney's fees incurred by the insured. In our opinion, the attorney's fees incurred by the insured in the declaratory judgment action were not recoverable from the insurance company.

The appellants insist also that the award of attorney's fees by the district court for preparing and defending the personal injury actions was excessive, but we do not find sufficient support in the record for that insistence.

In accordance with the views which we have expressed, the judgment is corrected so as to eliminate the $2,000.00 allowed as attorney's fees in defending the declaratory judgment action, and the judgment in the amount of $1,500.00 for attorney's fees in preparing and defending the personal injury actions is affirmed. The costs of appeal are taxed one-half against the appellant and one-half against appellee.

Corrected and affirmed.