342 So.2d 1284 (1977)
FARIS, ELLIS, CUTRONE, GILMORE & LAUTENSCHLAEGER
v.
JOBOB TOWING, INC.
No. 7885.
Court of Appeal of Louisiana, Fourth Circuit.
February 15, 1977.
*1285 Greenberg & Dallam, Alan James Boudreaux, Gretna, for plaintiff-appellee.
White, Fray & White, William J. White, Jr., Robert H. Fray, Gretna, for defendant-appellant.
Before GULOTTA, SCHOTT and MORIAL, JJ.
GULOTTA, Judge.
Defendant appeals from a judgment for attorney's fees for professional services rendered by plaintiff to defendant in connection with maritime litigation.
Jobob carried liability insurance with Employers Commercial Union Insurance Company which contained a $5,000.00 deductible clause. The maritime claim against Jobob and its insurer was for a sum well in excess of the deductible amount. In a settlement of the claim, Jobob contributed the sum of $3,000.00. Subsequent to the compromise, plaintiff billed defendant the sum of $1,568.00 for attorney's fees. Defendant refused to pay the fees and this suit followed.
Defendant seeks to be exonerated from the payment of the fees on the ground that the insurer must bear the cost because it, not defendant, employed plaintiff.
In written reasons for judgment, the trial judge concluded that the insurance contract between Jobob and Employers Commercial confers upon the insurer the authority to name the attorney who will represent the assured in defense of the litigation. In this regard, he cited the following clause in the policy:
"This Company shall have the option of naming the attorneys who shall represent the assured in the prosecution or defense of any litigation or negotiations between the assured and third parties concerning any claim, loss or interest covered by this policy, and this Company shall have the direction of such litigation or negotiations. If the assured shall fail or refuse to settle any claim as authorized by the Company, the liability of the Company to the assured shall be limited to the *1286 amount for which settlement could have been made."
Because the sum of the amount of Jobob's contribution toward the settlement and the amount of attorney's fees did not exceed the $5,000.00 deductible amount in the insurance contract, the trial judge reasoned that Jobob was responsible for the payment of the attorney's fees. In this connection, he relied on another clause of the insurance contract:
"The sum of $5,000.00 shall be deducted from the total amount of any or all claims (including claims for sue and labor, collision liability, general average and salvage charges) resulting from any one accident. * * *"
According to the trial judge, "the total amount of any or all claims" in the above quoted section includes not only the third party's claim for damages but also an insurer's claim for attorney's fees for providing representation of the insured growing out of the liability claim covered by the contract of marine insurance.
Defendant contends, on appeal: 1) that no privity of contract existed between Jobob and plaintiff; and, 2) that the policy of insurance does not contain any provisions which make the insured responsible for payment of attorney's fees. According to defendant, the $5,000.00 deductible clause applies only to the liability claims brought by third parties against defendant and does not apply to the fees of attorneys employed by the insurer in defense of those claims.
Clearly, no privity of contract exists between plaintiff and defendant.[1] Although the policy, by its terms, confers upon the insurer the right to name the attorneys who shall represent the insured, this provision is silent on the payment of attorney's fees. It is clear that the purpose of the insurer's option to name the attorneys is to permit the insurance company to obtain counsel of its own choosing to represent not only its interests, but, the interests of the insured in order to assure that any defenses raised by the insured are not in conflict with the insurer's interests.
We do not agree with the trial court's interpretation that the provision of the policy stating, "The sum of $5,000.00 shall be deducted from the total amount of any or all claims . . ." includes claims for attorney's fees in addition to claims made by third parties for damages asserted against the insured. Indeed, we reach an opposite conclusion and do not interpret the phrase "any or all claims" to include a claim for attorney's fees growing out of representation of the named insured. Since we and the trial judge differ on the interpretation of this provision, it is safe to conclude the provision, at best, is ambiguous.
The trial judge, in interpreting the policy to mean that the deductible clause included attorney's fees, relied, to some extent, on the testimony of Oscar A. Paysse, a retired insurance broker and adjuster, regarding usage and custom in the marine insurance field.[2] Irrespective of the testimony of this expert who stated that the deductible clause in marine insurance contracts includes attorney's fees, we are influenced and persuaded to reach a different result. In this connection, we rely on the settled jurisprudential rule that ambiguities in insurance contracts must be interpreted in favor of the insured and against the insurer. *1287 See Simon v. Switzerland General Insurance Co., 238 So.2d 257 (La.App.3d Cir. 1970), writ refused, 256 La. 897, 240 So.2d 232 (1970), where ambiguity in the term "Coastal Waters" as used in a marine insurance contract was interpreted favorably to the insured. See also: Jennings v. Louisiana and Southern Life Insurance Company, 290 So.2d 811 (La.1974); Schonberg v. New York Life Insurance Company, 235 La. 461, 104 So.2d 171 (1958); Albritton v. Fireman's Fund Ins. Co., 224 La. 522, 70 So.2d 111 (1953).
Applying the jurisprudence, we are led to the conclusion that the $5,000.00 deductible clause does not include a claim for attorney's fees incurred in representation of the insured where a claim is brought against the insured and the attorney is employed by the insurer. We are further persuaded by the fact that it would have been a relatively simple matter for the insurer to include in the policy a provision that the deductible amount was to be applied to claims "including fees of the attorneys selected by the insurer to represent the insured". The inclusion of this suggested phrase, or a similar one, would have erased any ambiguity concerning the payment of attorney's fees. In its absence, however, the policy must be interpreted against the insurer, and plaintiff is not entitled to recovery against Jobob. See LSA-C.C. art. 1958.[3]
Accordingly, the judgment of the trial court is reversed and set aside. It is now ordered that plaintiff's suit against Jobob Towing, Inc., be dismissed at plaintiff's costs.
REVERSED AND RENDERED.
SCHOTT, J., concurred in result and filed opinion.
SCHOTT, Judge, concurring in the result:
I respectfully disagree with my colleagues to the effect that no privity of contract exists between plaintiff and defendant. I submit that the contract of employment was made in defendant's behalf by the insurer pursuant to a mandate which was contained in the insurance policy. Under that mandate defendant gave to the insurer the option of naming its attorneys, which option it exercised. LSA-C.C. Art. 2985 defines a mandate as "an act by which one person [in this case defendant] gives power to another [in this case the insurer] to transact for him and in his name, one or several affairs [in this case the employment of plaintiff as defendant's attorney]."
In holding, however, that there is privity between plaintiff and defendant it becomes necessary to determine whether the attorney's fees incurred by the insurer and defendant with the plaintiff are to be included in the $5,000 deductible. This involves an interpretation of the following provision of the contract of insurance:
"The sum of $5,000.00 shall be deducted from the total amount of any or all claims (including claims for sue and labor, collision liability, general average and salvage charges) resulting from any one accident. This deduction does not apply to claims for total or constructive total loss. For the purpose of this clause each accident shall be treated separately, but it is agreed that a sequence of damages arising from the same accident shall be treated as due to that accident. (Emphasis supplied)
In my opinion the word "claims" is not ambiguous and cannot be construed to mean the fees now claimed by plaintiff. This follows from a reading of the policy as a whole.
The policy contemplates claims by defendant for damage to or loss of its vessels as well as claims by other vessels or their owners for damage or loss resulting from collisions with defendant's vessels. With respect to this coverage the policy provides:

*1288 "Warranted that in case of any casualty or loss which may result in a claim under this policy the assured shall give this Company prompt notice thereof and reasonable opportunity to be represented on a survey of the damage, each party to name a surveyor, which two surveyors shall proceed to draw specifications as to the extent of the damage and the work required to make the damage good. . . ."
(Emphasis supplied)
The policy also provides "sue and labor" coverage with respect to the insured's vessels as follows:
"In case of any loss or misfortune it shall be lawful and necessary for the assured, their factors, servants and assigns, to sue, labor and travel for, in and about the defense, safeguard and recovery of the vessel named herein, or any part thereof, without prejudice to this insurance to the charges whereof this Company will contribute as hereinafter provided. It is agreed that the acts of the assured or this Company, or their agents, in recovering, saving and preserving the property insured in case of disaster shall not be considered a waiver or an acceptance of an abandonment nor as affirming or denying any liability under this policy; but such acts shall be considered as done for the benefit of all concerned, and without prejudice to the rights of either party. . . .
"In the event of expenditure under the sue and labor clause, this Company will pay the proportion of such expenses that the amount insured hereunder bears to the agreed valuation of the vessel named herein, or that the amount insured hereunder, less loss and/or damage payable under this policy, bears to the actual value of the salved vessel, whichever proportion shall be less." (Emphasis supplied)
When these provisions are analyzed it can be seen that the word "claim" in the second quoted section of the policy applies to claims by either the insured with respect to its vessel or by a third party whose vessel has been damaged by collision. There is no way that the word "claim" in this section of the policy can be construed to mean attorney's fees which are incurred in subsequent litigation, negotiation or settlement.
In the provisions applicable to the sue and labor clause, it can be seen that the policy contemplates that the insured may after a casualty take action on its own with respect to defense as well as safeguard and recovery of the vessel without prejudice "to the charges" which the company will contribute. This word "charges" obviously includes such items as attorney's fees and expenses of preservation of the vessel and stands in contrast to the word "claims" used in the paragraph under consideration in this case and the word "claim" in the second quoted paragraph of the policy.
Also, the use of the words "expenditure" and "expenses" in connection with the sue and labor clause are again in sharp contrast to the word "claims."
I have concluded that the attorney's fees being sought by plaintiff in this suit were not understood by the insurer or the defendant insured to be among the "claims" comprising the $5,000 deductible, so that plaintiff must look to the insurer for payment of its bill for services rendered.
It is significant that the mandate given by defendant to the insurer providing the latter with the option of naming the attorneys confers on the insurer the direction of all litigation and negotiations being carried on by the attorneys. Under the theory advanced by plaintiff the insured could find himself in the unhappy position of being defended against a frivolous claim at his expense by attorneys named and directed by the insurer. Under this scheme the insured's deductible could be easily exhausted in the defense of such a frivolous claim with no practical recourse available to the insured. The only reasonable interpretation of the clause in question is that the parties intended to confer on the insurer the right to select the attorneys and direct them with the understanding that the attorney's fees would be payable by the insurer and not come out of the insured's deductible. The attorney's fees are in the same category as *1289 other expenses which the insurer may incur in the course of investigating and adjusting a claim before it is referred to an attorney. Nothing in the policy suggests that in-house expenses can be passed on to the insured. On the contrary, this must be a part of the service the insured paid for with his premium. It would follow that attorney's fees would likewise be a part of the benefits purchased by the insured and his deductible would include only his own contribution in payment of claims made by himself for damage to or loss of his own vessel or claims by third parties for damage to or loss of their vessels.
At the time the policy was written the parties thereto surely did not contemplate that attorney's fees which might be incurred in connection with a claim under the policy would themselves become "claims." In the normal course of events attorney's fees are paid routinely just as other bills for goods or services. When one purchases goods from a merchant on credit he does not regard the liability as a claim unless he resists payment and the bill becomes an adverse claim against him. When the policy was written the parties meant claims under that policy would be subject to the deductible, not that bills incurred in administering the coverage which later became adverse claims would be included.
NOTES
[1] Ordinarily, any claim for attorney's fees would be asserted by the attorney against the client who entered into the employment agreement and if the client (in this case, the insurer) claims entitlement for reimbursement for payment of these fees against a third party (in this case, the insured), reimbursement may be sought by a third party demand.
[2] However, the trial judge, in oral reasons, restricted the purpose of this testimony. He stated, during the course of the trial, when this expert's testimony was offered:

"I am going to permit this witness to testify purely as to what the custom of the trade is, and I think that is the only purpose of this witness' testimony. I think what is involved in the interpretation of the insurance policy is up to this Court, and I don't think that this witness should testify with regard to the interpretation of the policy. I will let this witness testify as to the custom of the trade, and I will give it such weight as I see fit."
[3] LSA-C.C. art. 1958 reads as follows:

Art. 1958. Interpretation against party responsible for doubt
"Art. 1958. But if the doubt or obscurity arise for the want of necessary explanation which one of the parties ought to have given, or from any other negligence or fault of his, the construction most favorable to the other party shall be adopted, whether he be obligor or obligee."