878 F.2d 1395
 COMMERCIAL UNION INSURANCE COMPANY,
Plaintiff/Counterclaim-Defendant, Cross-Claim-Plaintiff,
v.
SEPCO CORPORATION, Defendant/Third-Party Plaintiff,
Counterclaim-Defendant, Cross-Claim-Defendant,
Cross-Claim-Plaintiff-Appellant,
United National Insurance Company, Third-Party Defendant,
Counterclaim-Plaintiff, Cross-Claim-Plaintiff,
Home Indemnity Company, Third-Party Defendant,
Counterclaim-Defendant, Cross-Claim-Defendant,
Canadian Universal Insurance Company, Ltd.,
Third-Party-Defendant, Counterclaim-Defendant,
Cross-Claim-Defendant-Appellee,
Continental Casualty Company, Third-Party Defendant,
Counterclaim-Defendant, Cross-Claim-Defendant,
Insurance Company of North America, Third-Party Defendant,
Counterclaim-Defendant,
First State Insurance Company, Third-Party-Defendant,
Counterclaim-Defendant,
Interstate Fire & Casualty Company, Third-Party Defendant,
Counterclaim-Defendant,
Mission Insurance Company, Third-Party-Defendant,
Counterclaim-Defendant, Cross-Claim-Defendant,
Fireman's Fund Insurance Company, Third-Party-Defendant,
Cross-Claim-Defendant.
 No. 88-7616.
 United States Court of Appeals,
Eleventh Circuit.
 Aug. 4, 1989.
Rehearing Denied Sept. 29, 1989.
 
 Susan Blalock Anderson, Sirote, Permutt, McDermott, Slepian, Friend, Friedman, Held & Apolinsky, PC, Birmingham, Ala., for Sepco Corp.
 James A. Bradford, Balch & Bingham, Birmingham, Ala., for Canadian Universal Ins. Co.
 John S. Civils, Jr., Huie, Fernambucq & Stewart, Birmingham, Ala., for the Home Ins. Co.
 Richard S. March, Galfand, Berger, Lurie & March, Philadelphia, Pa., for United Nat. Ins. Co.
 James W. Gewin, Bradley, Arant, Rose & White, Birmingham, Ala., for Fireman's Fund.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before KRAVITCH, JOHNSON and ANDERSON, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 This case arises from the district court's grant of summary judgment in favor of Canadian Universal Insurance Co., Ltd. ("Canadian"), on a cross-claim in a declaratory judgment action brought by Commercial Union Insurance Company against Sepco Corporation ("SEPCO"). Canadian prevailed on its claim that SEPCO was obligated to reimburse it for certain expenses pursuant to a deductible clause in an insurance contract it issued to SEPCO. We affirm.
 
 I. FACTS
 
 2
 The facts in this case are undisputed. For a period of time in the 1970s, SEPCO made products containing asbestos. That production ultimately resulted in its current position as defendant in thousands of personal injury lawsuits. Commercial Union filed a declaratory judgment action against SEPCO seeking to define its obligations and duties under its insurance contract with SEPCO. Most of SEPCO's past and present insurers, including Canadian, were joined in the action. Canadian moved for summary judgment on a single issue: Whether the deductible provision of its insurance contract with SEPCO obligates SEPCO to reimburse Canadian for a portion of the attorney's fees it has expended in investigating, negotiating, and attempting to settle 341 lawsuits brought against SEPCO? The insurance agreement provides that SEPCO is obligated to Canadian for a $1000 deductible per claim. Section 5 states, "[t]he deductible amount shall also include all expenses incurred in the investigation and negotiation in the settlement of any claim."[1] (emphasis added) Canadian has spent approximately $170,000 defending SEPCO in these asbestos cases. According to the affidavit of Clifford Carlson of Canadian, most of that sum consists of fees paid to outside counsel. The district court held that the phrase "all expenses" in section 5 of the contract includes attorney's fees expended by Canadian. It granted Canadian's motion for summary judgment and entered final judgment pursuant to Fed.R.Civ.P. 54(b).
 
 II. DISCUSSION
 
 3
 Because the district court did not consider extrinsic evidence in interpreting the contract, we review the propriety of the district court's construction de novo. See Brookhaven Landscape & Grading Co., Inc. v. J.F. Barton Contracting Co., 681 F.2d 734, 735 (11th Cir.1982).
 
 
 4
 Canadian argues that under Alabama law, which controls here, "all expenses" is unambiguous and by its natural meaning includes attorney's fees paid to outside counsel. See Ivey v. Wiggins, 276 Ala. 106, 159 So.2d 618, 620 (1964) ("all" means "wholly inclusive"). SEPCO on the other hand argues that "all expenses" is ambiguous; therefore, the provision must be construed against its drafter, Canadian. See Alabama-Tennessee Natural Gas Co. v. City of Huntsville, 275 Ala. 184, 153 So.2d 619, 628 (1963) (ambiguous contract construed against drafter). Both parties draw our attention to cases from other jurisdictions which in various contexts hold "expenses" to include--or not include--attorney's fees. Compare Prudential Ins. Co. v. Goldsmith, 239 Mo.App. 188, 192 S.W.2d 1 (1945) ("expenses" did not include attorney's fees under terms of surety bond) with United States v. Pate, 254 F.2d 480 (10th Cir.1958) ("expenses" in 26 U.S.C.A. Sec. 212 does include attorney's fees). No case in Alabama or from any other jurisdiction is precisely on point. However, this Court's decision in Milwaukee Mechanics Ins. Co. v. Davis, 198 F.2d 441 (5th Cir.1952), provides some guidance.
 
 
 5
 The Court in Davis faced a factual situation much like the one before this Court. Two personal injury suits were brought against the insured who then sought defense and indemnification from his insurer. The insurer brought a separate action seeking a declaration of its rights and duties. The insured settled the personal injury suits and successfully defended the declaratory action against his insurer. He then brought suit against the insurer seeking compensation for attorney's fees he expended in the personal injury suits and the declaratory action. He based his claim in part on a clause of his insurance contract which provided for reimbursement of "all reasonable expenses" incurred at the insurer's request. This Court discussed at length the question of whether in the context of the declaratory judgment action "all reasonable expenses" included attorney's fees. It concluded that the phrase was not meant to provide for recoupment of fees incurred in the adversarial action between the insurer and its insured. Id. at 445 ("The word 'expenses', while it might include attorney's fees, is not very appropriate for that purpose."). The Court vacated the award for fees incurred by the insured in the declaratory action.
 
 
 6
 Significantly, this Court affirmed the award of attorney's fees expended in defending the underlying personal injury actions. Id. at 445. Although the Court held the term "all reasonable expenses" did not include fees expended in the adversarial declaratory judgment action between the insured and insurer, the same term did support compensation for attorney's fees expended in defending the underlying personal injury suits. The present case does not involve a dispute over fees incurred in this declaratory action. The fees in dispute in this case arise from the underlying asbestos personal injury actions. Although Davis affirms the award of fees in a very summary manner, it supports the conclusion in this case that "all expenses" includes attorney fees arising from the asbestos cases. Most of the cases relied upon by SEPCO involve fees arising from an adversarial dispute between the parties. See, e.g., Royal Discount Corp. v. Luxor Motor Sales Corp., 9 Misc.2d 307, 170 N.Y.S.2d 382 (Sup.1957). As recognized by the Court in Davis, the situations are not comparable.
 
 
 7
 SEPCO relies on Faris, Ellis, et al. v. Jobob Towing, Inc., 342 So.2d 1284 (La.App.1977), in which the court construed the following clause: "The sum of $5,000.00 shall be deducted from the total amount of any or all claims." The court held that it was ambiguous whether "all claims" authorized a claim by the insurer's law firm directly against the insured for fees expended on the insured's behalf. Given the lack of privity between the law firm and the insured, and the dissimilarity of the contract language at issue, we do not find the Jobob decision persuasive. This Court's decision in Davis is more closely on point and has greater precedential value. We agree with the district court that the phrase "all expenses" contained in the deductible clauses includes attorney's fees.[2]
 
 
 8
 For the foregoing reasons, the order of the district court is AFFIRMED.
 
 
 
 [1]
 SEPCO's obligation to reimburse Canadian arises from Section 4 of the contract, which provides:
 [Canadian] may pay any part or all of the deductible amount to effect settlement of any claim or suit and, upon notification of the action taken, [SEPCO] shall promptly reimburse [Canadian] for such part of the deductible amount as has been paid by [Canadian].
 (emphasis added) SEPCO concedes that if "expenses" as defined in Section 5 includes attorney's fees, it must reimburse Canadian. Although direct reimbursement (rather than mere deduction from damages to be paid) seems somewhat peculiar, SEPCO did not argue that the deductible amount as defined in Section 5 might operate narrowly for purposes of Section 4. SEPCO also did not argue that it was not liable in the absence of actual settlement of a claim for which a deductible reimbursement was allegedly due.
 
 
 [2]
 We express no opinion on the recoverability of attorney's fees expended in this action