van Gestel, J.
This matter comes before the Court on a motion by the defendant for “reconsideration and/or clarification” of this Court’s April 29, 2004, memorandum and order compelling testimony [17 Conn. L. Rptr. 645). The defendant asks for a hearing on his motion. No hearing is necessary.
The Court offers the following as clarification.
At the time of the motion to compel testimony, the procedural posture of the case was that the defendant, at his deposition, had declined to answer essentially all questions, seeking shelter in the Fifth Amendment to the United States Constitution. This Court, therefore, followed the dictates of Mass.R.Civ.P. Rule 37(a)(2) and entered an order that the questions propounded be answered. In doing so, the Court expressed its position that the order “is not intended to interfere with any constitutional rights that [the defendant] may legitimately choose to exercise.”
Thus, the Court recognized the defendant’s right to exercise his Fifth Amendment protections not to answer, while at the same timethis being a civil proceedingsetting the stage for future relief to the plaintiff if no answers were forthcoming. That future stage is found in the dictates of Mass.R.Civ.P. Rule 37(b)(1), providing for a variety of sanctions if “a deponent fails ... to answer a question after being directed to do so by the court . . . the failure may be considered a contempt of that court.”
This Court then volunteered the particular sanction that it would impose if the failure to answer persisted. That sanction “will be an order refusing to allow [the defendant] to oppose the claims brought against him in the complaint, thereby establishing liability and setting the matter down for an assessment of damages.” See Mass.R.Civ.P. Rule 37(b)(2)(B).
By indicating that all that may remain after determining liability against the defendant was an assessment of damages this Court made no determination regarding the defendant’s rights to have those damages assessed by a jury. Indeed, Mass.R.Civ.P. Rule 55(b)(2) seems clearly to provide, under appropriate circumstances, for a juiy trial on this issue, if requested. The pertinent language reads:
If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages... the court may conduct such hearings or order such references as it deems necessaiy and proper and shall accord a right of trial by jury to the parties when and as required by statute.
(Emphasis added.)
Whether, of course, ajury trial on a damage assessment is required by statute in this case will be a burden on the party requesting it to establish. See, e.g., Silkey v. New England Telephone & Telegraph Company, 9 Mass.App.Ct. 816, 817 (1980).
ORDER
The forgoing consists of the Court’s “clarification” of its April 29, 2004, memorandum and order. No further clarification seems necessaiy.